**Lena ROBINSON, Appellant,**

v.

**DIAMOND HOUSING CORPORATION,**
**Appellee.**

**No. 5194.**

District of Columbia Court of Appeals.

Argued June 15, 1970.

Decided July 20, 1970.

C. Christopher Brown, Washington, D. C., with whom Richard B. Wolf, Washington, D. C., was on the brief, for appellant.

Herman Miller, Washington, D. C., for appellee.

Before HOOD, Chief Judge, and KELLY and FICKLING, Associate Judges.

FICKLING, Associate Judge:

Appellee (Diamond Housing Corporation) has been seeking to recover possession of its property from appellant (Lena Robinson) since July of 1968 when it filed an action for possession for nonpayment of rent in the Landlord and Tenant Branch of the trial court. In that action, Mrs. Robinson defended on the ground that the lease was void and unenforceable under the principle set forth in Brown v. Southall Realty Co., D.C.App., 237 A.2d 834 (1968), and we affirmed the judgment in her favor. Diamond Housing Corporation v. Robinson, D.C.App., 257 A.2d 492 (1969).

Thereafter , in December 1969, the instant action for possession was filed against Mrs. Robinson by Diamond Housing Corporation, based on a thirty days' notice to quit. Mrs. Robinson answered and demanded a jury trial, claiming that this action was retaliatory and therefore illegal[1] since she had prevailed in the prior action filed by Diamond Housing and none of the housing violations had yet been corrected.

Diamond Housing moved for summary judgment, supporting the motion with an affidavit of its vice president stating that she, Mrs. Robinson, had been personally served with a thirty days' notice to quit; that it was unwilling to make any repairs to the property; and that it was not presently desirous of continuing to rent the premises. No affidavits in opposition were filed by Mrs. Robinson. She appeals from the trial court's order granting the motion.

Mrs. Robinson's main contention[2] on appeal is that, by the granting of the motion for summary judgment, she was precluded from inquiring into Diamond Housing's good faith in its attempt to evict her. In other words, her Edwards v. Habib defense was barred by the granting of the motion.

In *Diamond Housing, supra,* we stated that

[w]hen it is established that a lease is void and unenforceable under the Brown v. Southall ruling, the tenant becomes a tenant at sufferance and the tenancy, like any other tenancy at sufferance, may be terminated on thirty days' notice. * * * Where, as here, it has been determined that the property when rented was not habitable, that is, not safe and sanitary, and should not have been rented, and if the landlord

---

1. Edwards v. Habib, 130 U.S.App.D.C. 126, 397 F.2d 687 (1968), cert. denied, 393 U.S. 1016, 89 S.Ct. 618, 21 L.Ed.2d 560 (1969).

2. Appellant's contentions that the trial judge abused his discretion in not granting a continuance and in not allowing her to amend her complaint to show improper service of process are not supported by the record. The Neighborhood Legal Services, through its attorneys, has been representing appellant ever since litigation began between these parties, and she should have complied with GS Civ. Rule 56(f) if more time were required. As to appellant's contention that she should have been allowed to amend her answer to include an allegation of insufficiency of service of process under GS Civ.Rule 15(a), it is noted that GS L&T Rule 11 does not include GS Civ.Rule 15(a). GS L&T Rule 4(d) provides that this defense may be made by motion before answer. Such a motion must be made prior to filing of defendant's answer. However, she neither made such motion nor alleged the defense in her answer.

is unwilling or unable to put the property in a habitable condition, he may and should promptly terminate the tenancy and withdraw the property from the rental market, because the Regulations forbid both the rental and the occupancy of such premises.

257 A.2d at 495 (footnote omitted).

■ Diamond Housing, pursuant to our observation in Diamond Housing Corporation v. Robinson, *supra,* served a thirty days' notice upon Mrs. Robinson and then brought this action upon her failure to quit. After Mrs. Robinson answered, the landlord filed its motion for summary judgment accompanied by supporting affidavits. No opposing affidavits were filed by the tenant. On this state of the record, we think that no material issue of fact existed as to the landlord's motive and it was proper to grant the motion. GS Civ.Rule 56(e) (f).

■ This procedure for recovering possession of one's property held by a tenant at sufferance is certainly in accord with D.C.Code 1967, § 45–904. Furthermore, we are of the opinion that the retaliatory defense of Edwards v. Habib, *supra* note 1, is not available to a tenant in a case such as this where she was successful in a prior Landlord and Tenant action and is being evicted after the expiration of a thirty-day notice because the landlord wishes to withdraw the property from the rental market. The *Edwards* case involved a situation where the landlord attempted to evict the tenant because of her complaints to the housing authorities and it should be, we think, limited to its facts.

In our opinion, it is unreasonable to permit a tenant to remain in housing which has been determined to be unsafe and uninhabitable and in violation of the Housing Regulations. Moreover, the Regulations prohibit such occupancy.[3]

Since we find no error, the judgment is

Affirmed.

---

3. The Housing Regulations of the District of Columbia, § 2301: "No owner, licensee, or tenant shall occupy or permit the occupancy of any habitation in violation of these regulations."